# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

EDRICK BROWN,

               Plaintiff,

     vs.

PETERSON, et al.,

               Defendants.

)
)
)
)
)
)
)
)
)
)
)

1:14cv00705 DLB PC

ORDER DISMISSING COMPLAINT
WITH LEAVE TO AMEND

**THIRTY-DAY DEADLINE**

      Plaintiff Edrick Brown ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action.  He filed this action on May 12, 2014, and names Librarians Carlo (or Karlow) and Peterson, Correctional Counselor Schoolcraft, Correctional Officer Gutierrez and Sgt. Bailey as Defendants.[1]

## A.    <u>LEGAL STANDARD</u>

      The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on May 21, 2014.

§ 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  Iqbal, 556 U.S. at 676-77, 129 S.Ct. at 1949; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.  Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

**B.**    <u>**SUMMARY OF PLAINTIFF'S ALLEGATIONS**</u>

Plaintiff is currently incarcerated at Salinas Valley State Prison.  The events at issue occurred while Plaintiff was housed at California Correctional Institute.

Plaintiff appears to be alleging an access to the court claim.  He states that he had a court deadline and had Priority Legal User status, but Defendant Peterson prevented him from visiting the law library more than a couple of times.  Based on the attached Director's Level Appeal Response, the events at issue occurred in 2009.

Plaintiff's statement of claim, however, cuts off mid-sentence.  He states, "[see attached pages]," though the only attachment is the appeal response.  Plaintiff may have intended to attach a continuation of his statement of claim, but it was not attached to the document filed with the Court.  Plaintiff's complaint is five (5) pages in length.

**C.**    <u>**DISCUSSION**</u>

Without all of Plaintiff's factual allegations, the Court cannot determine whether he states a claim.  The Court will permit Plaintiff to file a complete, amended complaint and provides the following First Amendment standard for informational purposes.

Under the First Amendment, Plaintiff has a constitutional right of access to the courts and prison officials may not actively interfere with his right to litigate.  <u>Silva v. Di Vittorio</u>, 658 F.3d 1090, 1101-02 (9th Cir. 2011).  This means that the state is prohibited from "erect[ing] barriers that impede the right of access of incarcerated persons."  <u>Id</u>. at 1102 (citations omitted).  However, to state a viable claim for relief, Plaintiff must allege he suffered an actual injury, which is actual prejudice with respect to contemplated or existing litigation.  <u>Nevada Dep't of Corr. v. Greene</u>, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing <u>Lewis v. Casey</u>, 518 U.S. 343, 348, 116 S.Ct. 2174 (1996)) (quotation marks omitted), cert. denied, 132 S.Ct. 1823 (2012).  Actual injury includes the "inability to meet a filing deadline or to present a claim."  <u>Nevada Dep't of Corr.</u>, 648 F.3d at 1018 (citing <u>Lewis</u>, 518 U.S. at 348).

Alleged law library deficiencies, such as the length and frequency of visits, alone, do not violate the First Amendment.  Inmates do not have the right to a law library or legal assistance. Lewis, 518 U.S. at 351.  Law libraries and legal assistance programs are only the means of ensuring access to the courts.  Id.  Because inmates do not have "an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense."  Id.; Blaisdell v. Frappiea, 729 F.3d 1237, 1244 (9th Cir. 2013).

**D.  CONCLUSION AND ORDER**

Plaintiff's complaint fails to state any cognizable claims against any Defendant.

Plaintiff will be permitted an opportunity to amend his complaint.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 676-77.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1.  Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2.  The Clerk's Office shall send Plaintiff a civil rights complaint form;

3.  Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4.  <u>If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.</u>

IT IS SO ORDERED.

Dated:   **October 23, 2014**                    _/s/ Dennis L. Beck_
                                        UNITED STATES MAGISTRATE JUDGE