# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDRICK BROWN, | ) 1:14cv00705 DLB PC |
| Plaintiff, | ) ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |
| vs. | |
| PETERSON, et al., | ) **THIRTY-DAY DEADLINE** |
| Defendants. | |

Plaintiff Edrick Brown ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action, filed on May 12, 2014. Plaintiff filed a First Amended Complaint ("FAC") on November 5, 2014. He names Librarians Karlow and Peterson, Correctional Counselor Schoolcraft, Correctional Officer Gutierrez and Correctional Sgt. Bailey as Defendants.[1]

**A.  LEGAL STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on May 21, 2014.

1

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-77, 129 S.Ct. at 1949; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th

Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

B.      **SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at Salinas Valley State Prison. The events at issue occurred while Plaintiff was housed at California Correctional Institute ("CCI").

Plaintiff alleges that he was housed in B-Yard, and had a court deadline and Priority Legal User ("PLU") status approval for over four months, but Defendant Peterson only granted him law library access one time to conduct research. Plaintiff requested an extension of time from the court, and was granted ninety days. However, Defendant Peterson only called Plaintiff "a couple" of times during the ninety days. ECF No. 8, at 3.

Plaintiff contends that because Defendant Peterson prevented access to the law library, Plaintiff requested, and received, another ninety day extension. However, the court indicated that no further extensions would be granted.

Plaintiff alleges that Defendant Peterson continued to prevent access, even though he knew of Plaintiff's deadline.

On October 8, 2009, Plaintiff was transferred to A-Yard without any property. He immediately informed staff of his October 29, 2009, deadline. Plaintiff had to finish a traverse for the Eastern District by October 29, 2009, but the traverse was in his property.

After numerous attempts to retrieve his property and gain access to the law library, A-Yard librarian Defendant Karlow went to Plaintiff's cell on October 15, 2009. There, Plaintiff told Defendant Karlow of his October 29, 2009, deadline, showed him a document from the Eastern District to prove his deadline, and told him that he was transferred to A-Yard without his property. Plaintiff also told Defendant Karlow of his PLU status, which had already been approved by B-Yard librarian Defendant Peterson prior to Plaintiff's transfer. Defendant Karlow admitted that he knew about Plaintiff's deadline since Defendant Schoolcraft contacted him on

October 8, 2009. Defendant Karlow told Plaintiff that he would immediately contact staff in charge of property, and guaranteed him access to the law library when he received his materials.

Plaintiff alleges that due to Defendant Peterson's and Karlow's "deliberate indifference," he received approximately eight hours of law library access within a seven-month period of time to prepare his traverse. Plaintiff contends that he was forced to file an unfinished and inadequate traverse, which the court denied "due to absolutely no statute being cited. . ." ECF No. 8, at 5.

Plaintiff did not receive his property until October 21, 2009, and did not receive access to the law library until October 28, 2009, the day before his due date. Plaintiff alleges that Defendants Karlow and Peterson only allowed one library visit from October 8, 2009, through October 29, 2009.

Plaintiff contends that Defendant Gutierrez was contacted by numerous officers, including Defendant Karlow, but still refused to release Plaintiff's property for two weeks. Plaintiff alleges that Defendant Gutierrez also knew of Plaintiff's October 29, 2009, deadline, since October 8, 2009.

Defendant Schoolcraft also knew of Plaintiff's deadline as of October 8, 2009, as evidenced by the inmate request for interview, but did not help Plaintiff receive his property or gain access to the law library.

Plaintiff contends that as a result, his mental health declined drastically and he was forced to submit an unfinished traverse. Plaintiff alleges that this caused actual injury because his traverse was inadequate and unfinished. He alleges that his traverse "revolved around [him] being liberated from a life sentence." ECF No. 8, at 6. Plaintiff was unable to raise issues, and was banned from raising new arguments on appeal because they were not raised in his traverse. His appeal has since been terminated.

Finally, Plaintiff contends that Defendant Bailey was contacted and was "aware of everything as it transpired," but failed to act and order his subordinates to obey the law. ECF No. 8, at 6.

For relief, Plaintiff requests damages and asks that the Court "re-open and rewind" his case so that he can resubmit a traverse with all issues presented. ECF No. 8, at 7.

C.  **DISCUSSION**

    1.    Legal Standard

Under the First Amendment, Plaintiff has a constitutional right of access to the courts, and prison officials may not actively interfere with his right to litigate. Silva v. Di Vittorio, 658 F.3d 1090, 1101-02 (9th Cir. 2011). This means that the state is prohibited from "erect[ing] barriers that impede the right of access of incarcerated persons." Id. at 1102 (citations omitted). However, to state a viable claim for relief, Plaintiff must allege he suffered an actual injury, which is actual prejudice with respect to contemplated or existing litigation. Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis v. Casey, 518 U.S. 343, 348, 116 S.Ct. 2174 (1996)) (quotation marks omitted), cert. denied, 132 S.Ct. 1823 (2012). Actual injury includes the "inability to meet a filing deadline or to present a claim." Nevada Dep't of Corr., 648 F.3d at 1018 (citing Lewis, 518 U.S. at 348).

    2.    Analysis

Plaintiff's claim is based on his belief that he did not have enough time in the law library, and as a result, he was unable to complete his traverse. He faults Defendants Karlow and Peterson for only providing eight hours of law library access over a seven month period, even though they knew of his deadlines. He also believes that Defendants Schoolcraft and Gutierrez did not assist him with getting his property back, or gaining access to the library.

From Plaintiff's timeline, it appears the events occurred mainly between April 2009 and October 2009. He alleges Defendant Peterson allowed him access once prior to April 2009, and

5

then "a couple" of times during the next ninety day extension, i.e., through July 2009. From July 2009 through October 2009, he contends, generally, that Defendant Peterson continued to prevent access. Defendants Peterson and Karlow allowed him access on October 28, 2009, the day before his traverse was due.

Plaintiff's facts, however, simply demonstrate that he believed he should have had *more* library time, but the First Amendment does not afford Plaintiff a specific amount of time in the law library. Alleged law library deficiencies, such as the length and frequency of visits, alone, do not violate the First Amendment. Inmates do not have the right to a law library or legal assistance. Lewis, 518 U.S. at 351. Law libraries and legal assistance programs are only the means of ensuring access to the courts. Id. Because inmates do not have "an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." Id.; Blaisdell v. Frappiea, 729 F.3d 1237, 1244 (9th Cir. 2013).

Plaintiff does not allege that he was unable to file his traverse timely, and that as a result, he was prevented from proceeding with his habeas action. Instead, he suggests that eight hours over seven months was simply not enough time to prepare his traverse to his satisfaction. These facts do not state a claim for denial of access to the courts.

Insofar as Plaintiff alleges that Defendants failed to get his property after his transfer, the fact that he may have liked to receive his property sooner does not state a claim. In fact, Plaintiff's facts demonstrate that Defendant Karlow tried to assist Plaintiff in getting his property. He contends that Defendant Schoolcraft did not help him, and that Gutierrez "refused" to get his property for two weeks, but again, the fact that Plaintiff didn't receive his property immediately after his transfer does not state a claim. Plaintiff ultimately received his property on October 21, eight days prior to his deadline. He also received law library access on October 28, the day before his traverse was due.

Therefore, Plaintiff's facts do not demonstrate a denial of access to the courts. Plaintiff was able to litigate his habeas action, despite his belief that his law library time was inadequate.

As to Defendant Bailey, there is no respondeat superior liability under section 1983. "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013) (internal quotation marks and citation omitted). Although Plaintiff argues that Defendant Bailey knew that his staff was violating his rights and did not correct the situation, there is no supervisory liability where there is no underlying violation by staff.

**D.     CONCLUSION AND ORDER**

Plaintiff's First Amended Complaint fails to state any cognizable claims against any Defendant.

Plaintiff will be permitted ***one final*** opportunity to amend his complaint. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 676-77. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's First Amended Complaint is dismissed, with leave to amend, for failure to state a claim;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4. <u>If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim</u>.

IT IS SO ORDERED.

Dated:   **March 31, 2015**                    /s/ *Dennis L. Beck*
                                               UNITED STATES MAGISTRATE JUDGE