# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E'DRICK BROWN,<br><br>            Plaintiff,<br><br>   vs.<br><br>PETERSON,<br><br>            Defendants. | ) 1:14cv00705 DLB PC<br>)<br>) ORDER DENYING PLAINTIFF'S<br>) MOTION TO STAY ACTION<br>) (Document 22)<br>)<br>) ORDER GRANTING<br>) EXTENSION OF TIME<br>)<br>) |

      Plaintiff E'drick Brown ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action.  Pursuant to Court order, Plaintiff filed a First Amended Complaint on November 5, 2014.  On March 31, 2015, the Court dismissed the First Amended Complaint with leave to amend.  Plaintiff was given thirty days to file an amended complaint.

      Since March 31, 2015, the Court has granted Plaintiff numerous extensions of time.

      On January 4, 2016, Plaintiff filed a motion to stay this action.  He states that he transferred to High Desert State Prison on October 28, 2015, and staff cannot locate his amended complaint and related documents.  Plaintiff therefore requests that the Court stay the action until staff can locate his documents.

///

///

1

## **DISCUSSION**

"The district court has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997), citing Landis v. North American Co., 299 U.S. 248, 254 (1936). "The proponent of the stay bears the burden of establishing its need." Id. at 706. The Court considers the following factors when ruling on a request to stay proceedings: (1) the possible damage which may result from the granting of a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice, measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. Filtrol Corp. v. Kelleher, 467 F.2d 242, 244 (9th Cir.1972), quoting CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir.1962).

Plaintiff fails to demonstrate a need for a stay. While Plaintiff was recently transferred and does not have his property, it is the Court's experience that prison transfers often result in temporary separation from property. It is reasonable to believe that this is temporary and that Plaintiff's property issue will be resolved in a reasonable time.

The Court also notes that this action has been pending since May 2014, and Plaintiff has had since March 31, 2015, to file an amended complaint. Granting a stay at this juncture will result only in further delay in the prosecution of this action.

Although Plaintiff's request for a stay is DENIED, the Court will GRANT Plaintiff an extension of time within which to file an amended complaint. The Court has been lenient with Plaintiff's failure to meet established deadlines given the lockdowns and transfers, but the Court will not continue to grant extensions indefinitely.

///

///

Accordingly, Plaintiff must file an amended complaint within thirty days of the date of service of this order.

IT IS SO ORDERED.

Dated: __**January 7, 2016**__       /s/ *Dennis L. Beck*
                UNITED STATES MAGISTRATE JUDGE