# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E'DRICK BROWN,<br><br>        Plaintiff,<br><br>  vs.<br><br>PETERSON,<br><br>        Defendants. | 1:14cv00705 DLB PC<br><br>ORDER DISMISSING ACTION FOR FAILURE TO FOLLOW COURT ORDERS AND FAILURE TO PROSECUTE |

      Plaintiff E'drick Brown ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. Plaintiff filed this action on May 12, 2014. Pursuant to Court order, Plaintiff filed a First Amended Complaint on November 5, 2014.[1]

      On March 31, 2015, the Court dismissed the First Amended Complaint with leave to amend. Plaintiff requested and received numerous extensions of time within which to file an amended complaint, but he failed to do so.

      The Court then issued an order to show cause on February 29, 2016. Plaintiff was ordered to file a response thirty (30) days of the date of service.

      Plaintiff has failed to file a response or otherwise communicate with the Court.

///

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on May 21, 2014.

**DISCUSSION**

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quotation marks and citation omitted). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *In re PPA*, 460 F.3d at 1226 (citation omitted).

In this case, while there is no discernible prejudice to the Defendants at this early stage in the proceedings, and public policy always favors disposition on the merits, the public's interest in expeditious resolution of litigation always favors dismissal. Moreover, the Court's ability to manage its docket and guide cases toward resolution is significantly compromised by noncompliance with orders. This case has been pending since May 12, 2014, and Plaintiff has failed to file an amended complaint <u>for over a year</u>. Finally, there are no alternative sanctions which are satisfactory given that Plaintiff is proceeding in forma pauperis and this action cannot proceed any further absent his compliance with the order. *In re PPA*, 460 F.3d at 1227-29; *Pagtalunan*, 291 F.3d at 642-43; *Yourish*, 191 F.3d at 990-92. The Court also notes that Plaintiff was also warned that dismissal would result from his failure to comply with the Court's orders.

///

///

///

///

Accordingly, this action is HEREBY ORDERED DISMISSED, without prejudice, for failure to obey the Court's orders and failure to prosecute.

IT IS SO ORDERED.

Dated: **April 15, 2016**               /s/ *Dennis L. Beck*
                                         UNITED STATES MAGISTRATE JUDGE